O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA MARIA MARQUEZ,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. EDCV 14-1670 RNB<br><br>ORDER REVERSING DECISION OF<br>COMMISSIONER AND REMANDING<br>FOR FURTHER ADMINISTRATIVE<br>PROCEEDINGS |

　　　Plaintiff filed a Complaint herein on August 12, 2014, seeking review of the Commissioner's denial of her application for a period of disability and Disability Insurance Benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation ("Jt Stip") on June 12, 2015. Thus, this matter now is ready for decision.[1]

---

[1]　　As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") properly considered the treating physician's opinion.

2. Whether the ALJ made a proper adverse credibility determination.

3. Whether the ALJ made a proper vocational determination at step four of the Commissioner's sequential evaluation process.

**DISCUSSION**

As discussed hereafter, the Court concurs with the Commissioner that reversal is not warranted based on the ALJ's alleged failure to properly consider the treating physician's opinion. However, the Court concurs with plaintiff that the ALJ failed to make a proper adverse credibility determination with respect to plaintiff's subjective symptom testimony. As a result of the Court's finding with respect to the latter issue, it is unnecessary for the Court to reach the issue of whether the ALJ made a proper vocational determination.

**A.   Reversal is not warranted based on the ALJ's alleged failure to properly consider the treating physician's opinion (Disputed Issue One).**

Disputed Issue One is directed to the ALJ's consideration of the opinion of Dr. Liu, plaintiff's treating physician. (See Jt Stip at 4-8.)

The law is well established in this Circuit that a treating physician's opinions are entitled to special weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the

ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991). Where, as here, the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record."); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

In March 2013, Dr. Liu completed a questionnaire addressing plaintiff's ability to use her hands, which had exhibited neuropathic pain and weakness. (See AR 438-39.) In pertinent part, Dr. Liu stated in the questionnaire that plaintiff had significant limitations in handling or fingering: specifically, during an eight-hour working day, she could use each of her hands only 50 percent of the time for grasping, turning, twisting objects, and performing fine manipulations; and she could not use her left arm for reaching. (See id. 439.)

The ALJ accorded "little weight" to Dr. Liu's opinion solely because it was "not supported by the clinical and diagnostic findings" in two respects: (1) Dr. Liu's nerve conduction study had revealed that plaintiff had only mild carpal tunnel syndrome; and (2) despite the carpal tunnel syndrome, plaintiff's grip strength had been within normal limits. (See AR 20; see also AR 253, 440.) The Court concurs, especially since Dr. Liu's recommended limitations in *each* of plaintiff's hands were inconsistent with Dr. Liu's nerve conduction study, which reflected that plaintiff's

3

carpal tunnel syndrome affected only her left wrist and that her right wrist was normal. (See id. 440.) Accordingly, the Court finds that this was a legally sufficient reason on which the ALJ could properly rely to accord little weight to Dr. Liu's opinion. See, e.g., Valentine v. Comm'r of Social Sec. Admin., 574 F.3d 685, 692-93 (9th Cir. 2009) (contradiction between a treating physician's opinion and his treatment notes constitutes a specific and legitimate reason for rejecting that opinion); Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (same); Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir. 1995) (same).

**B.    The ALJ failed to make a proper adverse credibility determination (Disputed Issue Two).**

Disputed Issue Two is directed to the ALJ's adverse credibility determination with respect to plaintiff's subjective symptom testimony. (See Jt Stip at 8-15.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc).

Plaintiff alleged that she was disabled because of a hip condition, arthritis, joint pain, back pain, asthma, depression, sleep apnea, pain in the muscles of her legs and feet, shoulder strain/pain, and stress. (See AR 169.) Plaintiff also had a history of

obesity, based on her height of five feet three inches and her weight of 216 pounds. (See id. 14.)

During the hearing, plaintiff amended her alleged disability onset date, from March 19, 2010 to March 19, 2011. (See AR 33.) She also provided testimony and an Adult Function Report that reflected the following about her work history, limitations, and activities. She last worked in March 2011 as an instructional assistant for disabled high school students. (See id. 37-38.) Because of her impairments, she can lift only half a gallon of milk, sit for only 20 minutes at a time, and stand for only 10 minutes at a time. (See id. 49-50.) She spends about two hours per day on household chores such as washing dishes (with her husband), vacuuming, doing laundry, and preparing light meals; she also can drive and pay bills. (See id. 53-54, 193-94.) Occasionally, she accompanies her husband on grocery shopping trips. (See id. 53.) However, she needs to lie down during the day for two to three hours when her pain is "good" and for four to six hours when her pain is "bad." (See id. 55-56.)

The ALJ determined that, although plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were "not credible" to the extent they were inconsistent with the ALJ's residual functional capacity assessment. (See AR 19.) In support of this adverse credibility determination, the ALJ proffered four reasons. As discussed hereafter, the Court finds that the ALJ's reasons were not legally sufficient to support his adverse credibility determination.

One of the reasons proffered by the ALJ was that plaintiff had "not been entirely compliant with treatment recommendations" in two respects: (1) she had lost only 10 pounds despite multiple recommendations to lose weight; and (2) she had not taken her anti-inflammatory medication for her joint pain. (See AR 18.) Preliminarily, plaintiff's failure to lose more than 10 pounds was an improper basis

for the ALJ's adverse credibility determination in multiple respects. See Orn v. Astrue, 495 F.3d 625, 636-38 (9th Cir. 2007). First, Social Security Ruling 02-1p precluded the ALJ from considering evidence of plaintiff's failure to follow prescribed treatment for obesity because she had not yet been found disabled. See Orn, 495 F.3d at 637 ("At the time in question Orn had not been found disabled, so Social Security Ruling 02-1p precludes the ALJ from considering the effect of any failure to follow treatment for obesity.").[2] Second, even assuming arguendo that the ALJ could properly consider such evidence, the record did not reflect that a treating physician had actually prescribed a diet for plaintiff as treatment; rather, a diet was only recommended. See id. ("The [obesity] treatment must be prescribed by a treating source, . . . not simply recommended."). Third, even assuming arguendo that a diet had been prescribed for plaintiff as treatment, the treatment's low likelihood of success rendered it inappropriate to infer from plaintiff's failure to lose weight that her subjective symptom testimony was not credible. See id. at 638 ("[W]here medical treatment is very unlikely to be successful,. . . the failure to follow treatment for obesity tells us little or nothing about a claimant's credibility.").

Moreover, evidence that plaintiff had not taken her anti-inflammatory medication for her joint pain did not rise to the level of substantial evidence. Although the record does reflect that, on one occasion, plaintiff failed to refill her prescription for anti-inflammatory medication (see AR 318), the record on the whole reflects that plaintiff exhibited no problems in complying with her treatment, including taking her anti-inflammatory medication (see id. 230, 253, 284, 287, 290, 293, 298, 322, 328, 330, 334, 342, 376, 416, 425, 443, 449, 458). The quantum of evidence showing that plaintiff did not refill her anti-inflammatory medication (one of her many medications) in one instance did not give rise to a legally sufficient

---

[2]  Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

6

reason on which the ALJ could properly rely in support of his adverse credibility determination because plaintiff's non-compliance was a brief and isolated incident, which was preceded and followed by substantial periods of treatment compliance. See Burrell v. Colvin, 775 F.3d 1133, 1139-40 (9th Cir. 2014) (noting that "one weak reason" is insufficient to meet the "specific, clear, and convincing" standard for an ALJ's adverse credibility determination); Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (noting that "we must consider the entire record on the whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence"); cf. Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012) (upholding ALJ's adverse credibility determination where "the record was filled with evidence" that the claimant had improperly failed to obtain treatment).

Another reason proffered by the ALJ for his adverse credibility determination was that plaintiff had worked until March 2011, after her disability onset date. (See AR 18.) The ALJ's reason apparently was premised on plaintiff's initial alleged onset date of March 19, 2010. (See id. 11.) However, the record reflects that plaintiff amended her alleged disability onset date to March 19, 2011, which was consistent with her last work activity in March 2011. (See id. 33, 37.)

Another reason proffered by the ALJ for his adverse credibility determination was that plaintiff "engaged in a somewhat normal level of daily activity and interaction . . . [that were] the same as those necessary for obtaining and maintaining employment." (See AR 18.) In this regard, the ALJ cited plaintiff's admitted ability to perform household chores such as vacuuming, washing dishes or doing laundry; her ability to prepare simple meals; and her ability to shop for groceries, drive a car, and pay bills. (See id.; see also id. 53-54, 193-94.) However, plaintiff also testified that she received assistance from her husband, that she performed chores for only short periods, and that she needed to lie down for two to three hours on good days and for four to six hours on bad days. (See id. 55-56.) When performed in that

7

context, plaintiff's daily activities did not provide a reasonable basis for finding that they were the same as those necessary for employment. See Ghanim v. Colvin, 763 F.3d 1154, 1165 (9th Cir. 2014) (ALJ improperly relied on evidence of claimant's daily activities for adverse credibility determination where claimant stated she performed only limited activities, sometimes with help); Garrison v. Colvin, 759 F.3d 995, 1016 (9th Cir. 2014) (same where claimant stated she performed activities with assistance, on a limited basis, and with frequent rest); Reddick v. Chater, 157 F.3d 715, 722-23 and n.1 (9th Cir. 1998) (same where ALJ did not properly consider claimant's statements about her daily activities in full context, which indicated claimant performed them with weakness and fatigue, requiring periodic rest).

Another reason proffered by the ALJ for his adverse credibility determination was that the "relevant medical evidence in the file fails to support [plaintiff's] subjective complaints." (See AR 17-18.) However, since the ALJ's other three reasons were legally insufficient to support his adverse credibility determination, this remaining reason cannot be legally sufficient by itself. See Robbins v. Social Sec. Admin., 466 F.3d 880, 884 (9th Cir. 2006) (where ALJ's initial reason for adverse credibility determination was legally insufficient, his sole remaining reason premised on lack of medical support for claimant's testimony was legally insufficient); Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) ("[A] finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain."); cf. Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence *cannot form the sole basis for discounting pain testimony*, it is a factor that the ALJ can consider in his credibility analysis.") (emphasis added).

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See,

e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).  Remand is warranted where additional administrative proceedings could remedy defects in the decision.  See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635.  Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Here, the Court notes that plaintiff requests only remand for additional administrative proceedings.  (See Jt Stip at 23.)  Moreover, the Court has concluded that this is not an instance where no useful purpose would be served by further administrative proceedings; rather, additional administrative proceedings still could remedy the defects in the ALJ's decision.  See Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1103-07 (9th Cir. 2014) (remanding for additional administrative proceedings where the ALJ had failed to make a proper adverse credibility determination and discussing cases).

Accordingly, IT IS HEREBY ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[3]

DATED: July 10, 2015

                                          /s/ Robert N. Block
                                      ROBERT N. BLOCK
                                      UNITED STATES MAGISTRATE JUDGE

---

[3] It is not the Court's intent to limit the scope of the remand.